IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **STEVEN LATULIPPE**, MD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>**OREGON MEDICAL BOARD**;<br>**KATHLEEN HARDER**, MD; **ALI**<br>**MAGEEHON**, PhD; **JILL SHAW**, DO;<br>**JASON CARUTH**; and **DAVID FARRIS**,<br>MD,<br><br>　　　　Defendants. | Case No. 3:24-cv-00456-SB<br><br>**OPINION AND ORDER ADOPTING**<br>**F&R WITH CLARIFICATION** |

Stephen J. Joncus, Joncus Law P.C., 13203 SE 172nd Ave, Suite 166 #344, Happy Valley, OR 97086. Attorney for Plaintiff.

Marc Abrams, Assistant Attorney-in-Charge, and Dan Rayfield, Attorney General, Oregon Department of Justice, 100 SW Market Street, Portland, OR 97201. Attorneys for Defendants.

**IMMERGUT, District Judge.**

Before this Court is Defendants' Motion to Dismiss Plaintiff's Amended Complaint, ECF 15. Plaintiff brings claims under 42 U.S.C. § 1983 against Oregon Medical Board ("OMB") members and staff for alleged violations of his First, Seventh, and Fourteenth Amendment rights, and a state law claim for abuse of process, and seek damages and declaratory and injunctive

PAGE 1 – OPINION & ORDER ADOPTING IN PART F&R

relief. Magistrate Judge Beckerman issued a Findings and Recommendation ("F&R") recommending that this Court grant Defendants' motion and dismiss with leave to amend. ECF 24. Judge Beckerman found that Plaintiff's abuse of process claim, substantive due process claim, and First and Seventh Amendment claims were time-barred, but not his procedural due process claims. She found, however, that OMB members and staff were entitled to absolute immunity for Plaintiff's procedural due process claim for damages.

Plaintiff objects to the F&R. ECF 28. Defendants responded and request, without formally objecting, that this Court clarify certain aspects of the F&R. ECF 29. This Court has reviewed de novo the portion of the F&R to which Plaintiff objected. For the following reasons, the Court ADOPTS the F&R in part.

This Court adopts the F&R's findings that Plaintiff's First Amendment, Seventh Amendment, Fourteenth Amendment substantive due process, and state law abuse of process claims are untimely. *See* F&R, ECF 24 at 14–18. This Court GRANTS the Motion to Dismiss as to these claims. Because no amendment would cure these deficiencies, this dismissal is with prejudice. This Court further adopts the F&R's findings that Plaintiff's procedural due process claim is timely, *id.* at 13–14, not precluded, *id.* at 9–11, and not barred by the *Rooker-Feldman* doctrine, *id.* at 8–9, as well as its finding that Plaintiff's request for injunctive and declaratory relief against the Oregon Medical Board itself is barred by the Eleventh Amendment, *id.* at 24.

The remaining issue addressed by the F&R and challenged by Plaintiff, is whether all of the Individual Defendants are entitled to absolute immunity for Plaintiff's procedural due process claims for damages. Relying on a line of cases from courts in this District, the F&R concludes that Oregon Medical Board "members and staff are entitled to absolute immunity from claims for damages based on actions they took within [OMB's] statutory framework." ECF 24 at 21. This

conclusion improperly extends absolute immunity to OMB members and staff based on their office, without analyzing whether they perform judicial or prosecutorial functions. Applying the functional approach to immunity required under federal law, this Court finds that the OMB members are entitled to absolute immunity, but that the OMB staff are entitled only to qualified immunity. As both are entitled to some form of immunity, this Court GRANTS the Motion to Dismiss, but grants Plaintiff leave to amend his procedural due process claims against the Individual Defendants.

## LEGAL STANDARDS

Under the Federal Magistrates Act ("Act"), as amended, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If a party objects to a magistrate judge's F&R, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* But the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the F&R that are not objected to. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Nevertheless, the Act "does not preclude further review by the district judge, *sua sponte*" whether de novo or under another standard. *Thomas*, 474 U.S. at 154.

## DISCUSSION

This Court first addresses whether the individual Defendants are entitled to absolute or qualified immunity. This Court then assesses when the statute of limitations accrued, and finally, if Plaintiff should be given leave to amend.

PAGE 3 – OPINION & ORDER ADOPTING IN PART F&R

**A. Immunity for the Individual Defendants**

This Court adopts the F&R's findings on absolute immunity as to Defendants Harder, Mageehon, and Shaw for money damages, but declines to adopt the F&R's reasoning for Caruth, and Farris. As set out below, members and staff of the Oregon Medical Board are entitled to absolute immunity only in their performance of judicial and prosecutorial functions. Individual Defendants Harder, Mageehon, and Shaw, all members of the Board, are entitled to absolute immunity against Plaintiff's claim for a violation of his right to procedural due process. The allegations in Plaintiff's Amended Complaint make clear that these Defendants were acting solely in an adjudicative or prosecutorial capacity.

The same is not true for Defendants Jason Caruth and Davis Farris. Plaintiff's Amended Complaint alleges that these Defendants, who are both OMB staff members, acted in an investigative or administrative capacity. They are therefore not entitled to absolute immunity against Plaintiff's constitutional claims. As set out below, however, they are entitled to qualified immunity because any constitutional violation was not clearly established at the time of the violation.

Because both sets of individual OMB Defendants are entitled to some form of immunity, based on a functional analysis of alleged facts, this Court grants the motion to dismiss Plaintiff's procedural due process claims against these Defendants with leave to amend.[1]

---

[1] Defendants request that this Court clarify that absolute immunity bars all Plaintiff's damages claims, as the F&R only analyzed this issue with respect to Plaintiff's procedural due process claim. Response to Objections, ECF 29 at 3. This Court declines to make that determination as Plaintiff's First Amendment, Seventh Amendment, Fourteenth Amendment substantive due process, and state law abuse of process claims are time-barred.

PAGE 4 – OPINION & ORDER ADOPTING IN PART F&R

### 1. Absolute Immunity for Board Members

Plaintiff objects to the F&R's recommendation that OMB members are entitled to absolute immunity from his procedural due process claims for money damages. ECF 28 at 1. Plaintiff argues that the F&R failed to separately analyze the factors set forth in *Butz v. Economou*, 438 U.S. 478 (1978), and as a result failed to consider certain facts that Plaintiff contends distinguish this case from prior cases finding medical board members entitled to absolute immunity. ECF 28 at 2–3. Plaintiff also argues that *SEC v. Jarkesy*, 144 S. Ct. 2117 (2024), represents an intervening change in law that undermines those prior cases. ECF 28 at 2.

Before addressing the merits of Plaintiff's objections, this Court clarifies that absolute immunity under federal law is a strictly functional test. This test asks "whether the official is 'performing a duty functionally comparable to one for which officials were rendered immune at common law.'" *Swift v. California*, 384 F.3d 1184, 1190 (9th Cir. 2004) (quoting *Miller v. Gammie*, 335 F.3d 889, 897 (9th Cir. 2003) (en banc)). This turns on "functional categories, not on the status of the defendant." *Briscoe v. LaHue*, 460 U.S. 325, 342 (1983). OMB members, like other public officials, are entitled to immunity in making judicial or prosecutorial decisions that would have been immune at common law. To the extent that they are making "discretionary decisions and recommendations that are not functionally similar to prosecutorial or judicial decisions, only qualified, not absolute immunity, is available." *Miller*, 335 F.3d at 898.

Plaintiff's Amended Complaint alleges that the OMB members violated his right to procedural due process by suspending his medical license, filing a complaint, and then revoking his medical license. Amended Complaint, ECF 11 ¶¶ 58–60, 67, 73. This Court finds that the OMB member Defendants are entitled to absolute immunity for each of these functions. Filing a complaint is functionally comparable to a prosecutor's decision to initiate a prosecution, which is entitled to absolute immunity. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Ruling on that

PAGE 5 – OPINION & ORDER ADOPTING IN PART F&R

complaint and imposing a penalty are acts "involv[ing] the exercise of discretion in resolving disputes," *Curry v. Castillo (In re Castillo)*, 297 F.3d 940, 948 (9th Cir. 2002), which is likewise functionally comparable to a judge's role and entitled to absolute immunity.

Plaintiff objects that the Court must separately analyze the factors from *Butz v. Economou*, 438 U.S. 478 (1978), in every case involving an assertion of absolute immunity. ECF 28 at 2–3. Not so. The *Butz* factors are "nonexhaustive," and an official may be entitled to absolute immunity even if not every factor is satisfied. *Miller v. Davis*, 521 F.3d 1142, 1145 (9th Cir. 2008). Because not every factor will be determinative—or even relevant—in every case, there is no requirement that every court walk through every factor, every time. The F&R did not err in concluding, based on extensive case law establishing that medical board members performing judicial and prosecutorial functions are entitled to absolute immunity, that the OMB members in this case are likewise entitled to immunity for those functions. F&R, ECF 24 at 20 (citing cases).

Plaintiff does not offer facts that distinguish those cases. Plaintiff objects that the F&R failed to consider eight specific facts, ECF 28 at 3, but most of these facts do not show that the Board members were acting outside a role analogous to that of a judge or prosecutor. The only one of the eight facts identified by Plaintiff that could weigh on the absolute immunity analysis is his assertion that "the Board action was not a classic adjudicatory one." *Id.* But Plaintiff's Amended Complaint asserts only that the Board was "not behaving like a judge," but instead more like a "legislature, an adverse litigant, a judge, and a jury all rolled up into one." ECF 11 ¶ 82. This allegation does not defeat a claim of absolute immunity, which extends to the Medical Board's "quasi-prosecutorial" functions as well as its quasi-judicial functions. *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 923–24 (9th Cir. 2004); *see also Mishler v. Clift*, 191 F.3d 998,

1007–09 (9th Cir. 1999) (concluding that absolute immunity applies to "acts occurring during the disciplinary hearing process," including initiating a complaint, adjudicating that complaint, and imposing disciplinary sanctions).

Finally, Plaintiff argues that the absolute immunity afforded state medical board members acting in a judicial or prosecutorial capacity must be reevaluated in light of the Supreme Court's recent decision in *SEC v. Jarkesy*, 144 S. Ct. 2117 (2024). Objections, ECF 28 at 3–4. In *Jarkesy*, the Supreme Court held that the Seventh Amendment right to a jury trial meant that a federal agency could not seek civil penalties through an "in-house" administrative hearing, but instead had to litigate the case before a jury. 144 S. Ct. at 2127. The "threshold issue" in *Jarkesy* was whether the enforcement proceeding implicated the Seventh Amendment. *Id.* The Seventh Amendment has not been incorporated against the states. *Minneapolis & St. Louis R.R. Co. v. Bombolis*, 241 U.S. 211, 217 (1916) (holding that the Seventh Amendment does not require states to provide a jury trial in civil cases). Plaintiff challenges a state administrative proceeding, not a federal one, so *Jarkesy* has no direct application.[2] The F&R did not err in not explicitly addressing *Jarkesy*.

---

[2] Plaintiff does not premise his claim on the Oregon Constitution's civil jury trial guarantee, Or. Const. art. I, § 17, and it is not clear that the Oregon Supreme Court would read that provision as coextensive with the Seventh Amendment. *See Horton v. Or. Health & Sci. Univ.*, 359 Or. 168, 225–50 (2016) (tracing the unique history of the state provision). Additionally, while the civil fine imposed by the OMB on Plaintiff may be analogous to the civil penalty in *Jarkesy*, it is much less clear how *Jarkesy* would apply to the license revocation. *See* William Yeatman & Keelyn Gallagher, *The Rise of Money Sanctions in Federal Agency Adjudication*, 76 Admin. L. Rev. 857, 902–03 (2024) (noting that *Jarkesy*'s application to licensing schemes is a "major unresolved issue" that raises "difficult questions").

PAGE 7 – OPINION & ORDER ADOPTING IN PART F&R

### 2. No Absolute Immunity for OMB Staff

Plaintiff is correct that absolute immunity does not extend to Defendants Caruth and Farris, OMB staff members who primarily performed investigative and administrative functions.[3] Objections, ECF 28 at 5–6. The F&R found that Plaintiff's "allegations relating to the OMB staff relate primarily to the investigation preceding the filing of the complaint against him." ECF 24 at 22 n.10. The F&R nonetheless broadly concluded that OMB staff are entitled to absolute immunity. *Id.* at 20–21. This was error.

Public officials are entitled to "some form of immunity from suits for damages." *Harlow v. Fitzgerald*, 457 U.S. 800, 806 (1982). Courts have "granted state actors absolute immunity only for those functions that were critical to the judicial process itself," such as presiding over a case or initiating a prosecution. *Miller*, 335 F.3d at 896. For most public officials, however, "qualified immunity represents the norm." *Harlow*, 457 U.S. at 807. "The presumption is that qualified rather than absolute immunity is sufficient to protect government officials in the exercise of their duties." *Burns v. Reed*, 500 U.S. 478, 486–87 (1991).

Absolute immunity is a narrow doctrine. The Supreme Court and the Ninth Circuit have repeatedly refused efforts to extend absolute immunity to investigatory or administrative functions, even those closely connected to judicial or prosecutorial functions. *See, e.g.*, *Kalina v. Fletcher*, 522 U.S. 118, 129–30 (1997) (qualified immunity for prosecutor's attestation in support of warrant); *Burns*, 500 U.S. at 493 (qualified immunity for giving legal advice to police officers); *Hardwick v. Cnty. of Orange*, 844 F.3d 1112, 1116 (9th Cir. 2017) (qualified immunity for social workers' court reports in dependency proceedings); *Brooks v. Clark Cnty.*, 828 F.3d

---

[3] This Court adopts the F&R's finding that, to the extent these staff acted as judges or prosecutors, they are entitled to absolute immunity for those functions. ECF 24 at 22 n.10.

910, 917 (9th Cir. 2016) (qualified immunity for marshal executing judge's order to eject person from courtroom); *Torres v. Goddard*, 793 F.3d 1046, 1056 (9th Cir. 2015) (qualified immunity for prosecutor's service and execution of warrants).

Case law is clear that public officials performing investigatory or administrative functions, even in support of a judicial process, are not entitled to absolute immunity. This Court therefore declines to adopt the F&R's finding that absolute immunity should extend to OMB staff performing investigative functions. F&R, ECF 24 at 21.

The F&R's finding on absolute immunity for OMB staff in their investigative function appears to have been primarily based on *Thomas v. Harder*, No. 3:22-cv-944-JR, 2023 WL 1815197 (D. Or. Feb. 8, 2023). Defendants likewise urge this Court to rely on *Thomas*, which they characterize "provid[ing] absolute immunity to OMB staff." Response to Objections, ECF 29 at 5. To the extent that the F&R read *Thomas* as recognizing absolute immunity for OMB staff acting outside judicial or prosecutorial functions, this Court disagrees.[4]

### a. Clarifying OMB Staff Immunity

In *Thomas*, Judge Simon held that Oregon had "by statute imbued OMB investigators and staff with absolute immunity." 2023 WL 1815197, at *4 (citing O.R.S. 677.335(1)). Judge Simon noted that the Ninth Circuit virtually never extends absolute immunity to "investigatory conduct," but relied on O.R.S. 677.335(1) to conclude that OMB staff were nonetheless entitled to absolute immunity from the plaintiff's claims under 42 U.S.C. § 1983. *Id.* at *3–4.

Defendants in Section 1983 suits are "generally entitled only to immunities that existed at common law." *Beltran v. Santa Clara Cnty.*, 514 F.3d 906, 908 (9th Cir. 2008) (en banc) (per

---

[4] The decisions of a federal district court are not binding precedent, even in the same judicial district. *Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011).

curiam). The "central purpose" of Section 1983 is to provide relief to "those deprived of their federal rights by state actors," *Felder v. Casey*, 487 U.S. 131, 141 (1988), "notwithstanding any provision of state law to the contrary," *Patsy v. Bd. of Regents*, 457 U.S. 496, 504 (1982). The Supreme Court has accordingly long held that "[s]tates possess no authority to override Congress's decision to subject state officials to liability for violations of federal rights." *Williams v. Reed*, 145 S. Ct. 465, 470 (2025) (quoting *Felder*, 487 U.S. at 143) (internal quotation marks omitted). "Conduct by persons acting under color of state law which is wrongful under 42 U.S.C. § 1983 . . . cannot be immunized by state law." *Martinez v. California*, 444 U.S. 277, 284 n.8 (1980) (citation omitted); *see also Wallis ex rel. Wallis v. Spencer*, 202 F.3d 1126, 1144 (9th Cir. 2000) ("Immunity under § 1983 is governed by federal law; state law cannot provide immunity from suit for federal civil rights violations.").

This Court finds that Oregon statutory immunities are not controlling in a Section 1983 case. To the extent that Oregon law purports to confer broader immunity than what is available under federal law, it is preempted. *Williams*, 145 S. Ct. at 470. OMB staff members performing investigative functions may be entitled to qualified immunity, but they cannot invoke a state immunity statute to nullify federal law. *See Read v. Haley*, No. 3:12-cv-02021-MO, 2013 WL 1562938, at *9 (D. Or. Apr. 10, 2013) (noting that OMB employees would only be entitled to absolute immunity if "engaged in quasi-judicial or quasi-prosecutorial acts").

### 3. Qualified Immunity for OMB Staff

OMB staff engaged in investigative functions may still be entitled to qualified immunity. Defendants moved to dismiss on this basis, ECF 15 at 10–13, although the F&R does not address this issue because it concluded that the OMB staff were entitled to absolute immunity. This Court finds that Defendants Caruth and Farris are entitled to qualified immunity and grants the motion to dismiss as to those Defendants on that basis.

PAGE 10 – OPINION & ORDER ADOPTING IN PART F&R

Qualified immunity protects public officials from liability under § 1983 unless a plaintiff shows (1) the official violated the plaintiff's statutory or constitutional right; and (2) the constitutional right was "clearly established in light of the specific context of the case at the time of the events in question." *Mattos v. Agarano*, 661 F.3d 433, 440 (9th Cir. 2011) (internal quotations omitted). To be clearly established, the right's contours must be "sufficiently definite that any reasonable official in [his or her] shoes would have understood that he [or she] was violating it." *Hardwick v. Cnty. of Orange*, 844 F.3d 1112, 1117 (9th Cir. 2017) (alteration in original) (quoting *Plumhoff v. Rickard*, 572 U.S. 765, 779 (2014)). At this stage, this Court considers "whether the complaint alleges sufficient facts, taken as true, to support the claim that the officials' conduct violated clearly established constitutional rights." *Keates v. Koile*, 883 F.3d 1228, 1235 (9th Cir. 2018).

Plaintiff's Amended Complaint does not allege sufficient facts to show the OMB staff members violated clearly established law. The Amended Complaint alleges that Defendant Farris sent Plaintiff a letter claiming Plaintiff was violating an executive order, ECF 11 ¶¶ 54–55, and concludes that Farris directed Defendant Caruth to "manufacture claims," *id.* ¶ 92. As for Defendant Caruth, it alleges that he made "a surprise visit" to Plaintiff, *id.* ¶ 57, "lied, fabricated, and misrepresented data," *id.* ¶¶ 57–58, "carried out a fraudulent investigation," *id.* ¶ 92, and informed Plaintiff that his license had been suspended, *id.* ¶ 59.

Assuming without deciding that the Amended Complaint contains sufficient factual allegations to make out a constitutional violation, OMB staff are entitled to qualified immunity. Plaintiff identifies no precedent that clearly establishes "the violative nature of [this] particular conduct . . . in light of the specific context of the case," such that any reasonable officer would have understood he was violating the Constitution. *Mullenix v. Luna*, 577 U.S. 7, 12 (2015) (per

PAGE 11 – OPINION & ORDER ADOPTING IN PART F&R

curiam) (emphasis and citations omitted); *see Moore v. Garnand*, 83 F.4th 743, 753 (9th Cir. 2023) (noting that the plaintiff has the "burden to identify the clearly established law"). Although they are not entitled to absolute immunity, this Court determines that the OMB staff are entitled to qualified immunity as to Plaintiff's Fourteenth Amendment procedural due process claim for damages.

## B. Statute of Limitations

Defendants argue that the F&R misapplied *Reed v. Goertz*, 143 S. Ct. 955 (2023), and, as a result, failed to dismiss Plaintiff's procedural due process claim as untimely. Response to Objections, ECF 29 at 1–2. This Court agrees with the F&R that here, as in *Reed*, Plaintiff's procedural due process claim did not accrue until his state litigation ended. F&R, ECF 24 at 14.

A cause of action cannot accrue until each of its elements has transpired, such that the plaintiff "has a complete and present cause of action." *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (citation omitted). A procedural due process claim "is not complete unless and until the State fails to provide due process." *Zinermon v. Burch*, 494 U.S. 113, 126 (1990).[5] Applying these principles, the Supreme Court in *Reed* held that a prisoner's due process challenge to a state's DNA-testing procedures accrued only at the end of the state-court litigation. 143 S. Ct. at 962; *see also Knox v. Davis*, 260 F.3d 1009, 1015 (9th Cir. 2001) ("A procedural due process claim accrues when a plaintiff is given final notice that [he] would not receive further process.").

Here, Oregon law promises extensive process; specifically, an OMB disciplinary decision will be reviewed by an administrative law judge and the Oregon Court of Appeals, O.R.S. 677.208, O.R.S. 183.482, along with the possibility of review by the Oregon Supreme Court.

---

[5] The inquiry focuses on the state's process and not, as Defendants would have it, solely on the agency or specific defendants' actions. Reply in Support of Mot. to Dismiss, ECF 11 at 2.

PAGE 12 – OPINION & ORDER ADOPTING IN PART F&R

Plaintiff's due process claim was therefore not "complete" until the state process concluded; namely, when the Oregon Supreme Court denied his petition for review. F&R, ECF 24 at 4, 14.

The rationale in *Reed* applies in equal force here. If the statute of limitations began to run any sooner, "the plaintiff would likely continue to pursue relief in the state system and simultaneously file a protective federal § 1983 suit challenging that ongoing state process. That parallel litigation would run counter to core principles of federalism, comity, consistency, and judicial economy." *Reed*, 598 U.S. at 962 (citation omitted).[6] Further, if "any due process flaws lurk" in OMB's disciplinary process, then "the state appellate process may cure those flaws, thereby rendering a federal § 1983 suit unnecessary." *Id.* Plaintiff's procedural due process claim therefore accrued upon the Oregon Supreme Court's denial of his petition for review. F&R, ECF 24 at 4, 14.

## C. Leave to Amend

The F&R grants Plaintiff leave to amend all his claims. ECF 24 at 25. Defendants argue that the F&R should not have granted leave to amend. Response to Objections, ECF 29 at 3.

Leave to amend may be denied when amendment would be futile. *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011). Because Plaintiff's First Amendment, Seventh Amendment, Fourteenth Amendment substantive due process, and abuse of process claims are time-barred, F&R, ECF 24 at 14–18, leave to amend these claims would be futile. *See Rand v. Midland Nat'l Life Ins.*, 857 F. App'x 343, 348 (9th Cir. 2021).

Plaintiff is granted leave to amend his Fourteenth Amendment procedural due process claims for damages. Although amendment will likely be futile, this Court adopts the F&R's

---

[6] Had Plaintiff filed a § 1983 suit at the time Defendants suggest he should have, it is unclear that he would be able to pursue that claim alongside the state-court review process. *See Younger v. Harris*, 401 U.S. 37 (1971); *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413 (1923).

PAGE 13 – OPINION & ORDER ADOPTING IN PART F&R

conclusion that he should be given one last opportunity to amend if he thinks he can cure the defects identified in this Opinion. As to Plaintiff's procedural due process claims for injunctive relief, he requests "leave to add board members in their official capacity." Response in Opposition to Motion to Dismiss, ECF 19 at 15. Plaintiff is granted leave to amend these claims.

## CONCLUSION

This Court has reviewed de novo the portions of Judge Beckerman's F&R to which Plaintiff objected. The F&R, ECF 24, is adopted in part as clarified above. This Court GRANTS Defendants' Motion to Dismiss, ECF 15, and DISMISSES the Amended Complaint, ECF 11, with leave to amend the procedural due process claim against the Individual Defendants. Any amended complaint is due within twenty-one (21) days of the date of this Order.

**IT IS SO ORDERED**.

DATED this 16th day of June, 2025.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge