IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| STEVEN LATULIPPE, MD, | Case No. 3:24-cv-00456-SB |
| Plaintiff, | **ORDER ADOPTING F&R WITH CLARIFICATION** |
| v. | |
| OREGON MEDICAL BOARD *et al.*, | |
| Defendants. | |

**IMMERGUT, District Judge.**

This Court has reviewed de novo the portions of Magistrate Judge Beckerman's F&R to which Plaintiff objected. Judge Berkman recommended that this Court grant Defendants' Motion to Dismiss, ECF 36, and dismiss this action with prejudice. For the following reasons, this Court ADOPTS Judge Beckerman's F&R with clarification regarding the dismissal of Plaintiff's procedural due process claim against Defendant Oregon Medical Board ("OMB")'s staff and OMB's board members.

**STANDARDS**

Under the Federal Magistrates Act ("Act"), as amended, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If a party objects to a magistrate judge's F&R, "the court shall make a

PAGE 1 – ORDER ADOPTING F&R WITH CLARIFICATION

de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* But the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the F&R that are not objected to. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Nevertheless, the Act "does not preclude further review by the district judge, *sua sponte*" whether de novo or under another standard. *Thomas*, 474 U.S. at 154.

## DISCUSSION

Plaintiff asserts a Section 1983 claim for Defendants' alleged violations of procedural due process under the U.S. Constitution.[1] Second Amended Complaint ("SAC"), ECF 35 ¶¶ 130–36. Plaintiff's procedural due process claim contains three parts. First, Plaintiff asserts a claim for injunctive relief against OMB's board members in their official capacities. Second, Plaintiff asserts a claim for damages against OMB's staff members in their individual capacities. Third, Plaintiff asserts a facial challenge to the constitutionality of OMB's disciplinary process.

Judge Beckerman recommended that this Court dismiss each of Plaintiff's procedural due process claims. F&R, ECF 46 at 15. Judge Beckerman concluded that Plaintiff's claim for injunctive relief against OMB's board members was not available under Section 1983, that Plaintiff's claim for damages against OMB's staff members sounded in substantive due process, and that Plaintiff has failed to raise a plausible facial challenge to OMB's disciplinary process. *Id.* at 10, 12, 14. This Court agrees with Judge Beckerman and adopts her Findings and

---

[1] Plaintiff's Second Amended Complaint asserts five claims, but this Court previously dismissed Plaintiff's other four claims with prejudice and without leave to amend because those claims were untimely. Opinion & Order Adopting in Part F&R, ECF 33 at 13. Plaintiff's procedural due process claim was the only claim that remained.

PAGE 2 – ORDER ADOPTING F&R WITH CLARIFICATION

Recommendation in full, but this Court additionally concludes in the alternative that Plaintiff failed to allege facts sufficient to state a claim of procedural due process against OMB's staff or board members.

As to OMB's staff members, Plaintiff alleges that "[t]here were no procedural controls that prevented Defendants . . . from fabricating false claims against LaTulippe." SAC ¶ 132. But because the state cannot predict precisely when such misconduct will occur, it is unclear what additional procedures would reliably prevent the misconduct. *See Miranda v. City of Casa Grande*, 15 F.4th 1219, 1226–27 (9th Cir. 2021). Therefore, the focus for procedural due process as to OMB's staff members is whether there is a suitable postdeprivation remedy. *Id.* at 1225–28. As in *Miranda*, Plaintiff's misconduct theory turns on the adequacy of postdeprivation remedies, but Plaintiff fails to allege any facts regarding the inadequacy of any postdeprivation procedures. Several of Plaintiff's allegations are wholly conclusory. For example, Plaintiff alleges that the "procedure for disciplinary physicians fails to meet the requirements of due process," that "Oregon's administrative process for appeals from the Board do not satisfy the requirements of due process," and that "the administrative process is a kangaroo court." SAC ¶¶ 133–34. Plaintiff does not clearly identify any inadequate postdeprivation procedures. Instead, he acknowledges that "[m]aybe after he spent a fortune defending himself in an administrative process, Dr. LaTulippe could have prevailed on appeal." SAC ¶ 104. Based on the allegations in Plaintiff's Second Amended Complaint, this Court finds that Plaintiff has failed to allege facts sufficient to state a procedural due process claim against OMB's staff members.

As to OMB's board members, Plaintiff fails to state a claim for the same reasons given above. Additionally, OMB's choice to mail Plaintiff notice—instead of personally serving Plaintiff with notice—does not support a procedural due process claim. The notice given must be

PAGE 3 – ORDER ADOPTING F&R WITH CLARIFICATION

"reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950). Here, like any other licensee, Plaintiff was required to "designate a mailing address on file with the Board at all times." OAR 847-001-0050(1); *see LaTulippe v. Oregon Med. Bd.*, 325 Or. App. 424, 427 (2023). Plaintiff alleges no facts supporting an inference that OMB was aware that Plaintiff was not receiving his mail for seven weeks or that any correspondence was returned to OMB as undelivered. OMB's use of "regular-service mail" was therefore reasonably calculated to put Plaintiff on notice of the pending proceeding under these circumstances. *See United States v. Rivera-Valdes*, 157 F.4th 978, 992 (9th Cir. 2025) (en banc) (suggesting that "first-class mail may be a reasonably calculated alternative" for delivering a notice of hearing in immigration removal proceedings).[2]

### CONCLUSION

This Court has reviewed de novo the portions of Judge Beckerman's F&R to which Plaintiff objected. Judge Beckerman's F&R, ECF 46, is adopted in full. This Court GRANTS Defendants' Motion to Dismiss, ECF 36, and DISMISSES this case with prejudice.

**IT IS SO ORDERED**.

DATED this 26th day of March, 2026.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge

---

[2] *See also Haider v. Gonzales*, 438 F.3d 902, 909 (8th Cir. 2006) (holding service by mail comported with due process in immigration removal proceedings where the plaintiff has a duty to update mailing address); *Snider Int'l Corp. v. Town of Forest Heights, Md.*, 739 F.3d 140, 146–47 (4th Cir. 2014) (holding "[f]irst-class mail was reasonably calculated to confer actual notice" to the plaintiffs in speed camera cases where plaintiffs were required to update their mailing address within thirty days of any change).

PAGE 4 – ORDER ADOPTING F&R WITH CLARIFICATION